STATE OF MAINE
YORK, ss

CIVIL ACTION
DOCKET NO. CV-19-

STEPHEN TULLEY, )
)
    Plaintiff )
)
)
)
v. ) **COMPLAINT AND**
) **DEMAND FOR**
) **JURY TRIAL**
SURE WINNER FOODS, )
)
)
    Defendant )
)

**NOW COMES** Plaintiff, Stephen Tulley, by and through counsel, Sarah A. Churchill, Esq., and complains against Defendant as follows:

**PARTIES**

1. Plaintiff, Stephen Tulley, is a resident of the town of Old Orchard Beach, Maine.

2. Defendant, Sure Winner Foods, is a corporation conducting business in the State of Maine with a place of business in Saco, Maine.

**JURISDICTION**

3. This action arises, in part, under 5 M.R.S.A. §4572 et seq.

4. This Honorable Court wields jurisdiction over each Defendant named herein pursuant to 14 M.R.S.A. § 704-A in that each Defendant is domiciled in the State of Maine.

1

5. The events listed below occurred in York County Maine.

## Statement of Facts

6. Plaintiff began working for Defendant as a truck driver in 1996.

7. Plaintiff received positive employment evaluations during his employment with Defendant.

8. Plaintiff was able to perform the essential functions of his position with Defendant.

9. In 2016 there were a number of changes made to management that oversaw Plaintiff's Department.

10. In 2016 there was also a new computer program implemented to design the delivery routes that the drivers, like Plaintiff, would travel on a daily basis.

11. This program was new to Defendant but has been used for years by large companies like UPS to generate routes and it works well if information is correctly entered into it.

12. Defendant has difficulties with this new computer program from the beginning.

13. As a result of these difficulties the supervisor would need to manually change routes and entered information in order for Defendant to have efficient routes.

14. In February of 2017 Plaintiff received a new manager, Peter Deraps.

15. In June of 2017 there was an error in an automated route design of the type a supervisor would manually need to fix.

16. Mr. Deraps had contacted after Plaintiff he was in bed for the evening with a solution to this problem.

17. Plantiff needs to be awake very early in the morning to leave for work and as a result goes to bed early.

18. Mr. Deraps solution to the problem was inefficient and one that would waste Defendant's money.
19. Plaintiff had a conversation after being woken up from a deep sleep about this issue with Mr. Deraps that was very frustrating.
20. After a brief cooling off period from that discussion Plaintiff agreed to do things Mr. Derap's way and all seemed fine.
21. In 2011 or 2012 Plaintiff was diagnosed with skin cancer.
22. Plaintiff underwent treatment for this condition at the time and needed to do routine follow up screening appointments with medical providers thereafter.
23. Plaintiff had a follow up appointment in April of 2017 for an annual check and learned that cancerous growths had returned and he would need Photo Dynamic Therapy sessions to treat these growths.
24. Photo Dynamic Therapy sessions require Plaintiff to be completely out of the sun for at least 48 hours after the treatment in completed.
25. Plaintiff notified Mr. Deraps of his medical condition and the needed treatments as well as the need to remain out of the sun for 48 hours after receiving treatment.
26. In order to cause the least amount of disruption to Defendant's schedule Plaintiff scheduled these appointments for Friday's to coincide with having the weekend off to recover.
27. There was the occasional Monday where Plaintiff was not recovered enough to be out in the sun and needed to take additional time off.
28. Defendant, in additional to Mr. Deraps, was aware of Plaintiff's condition and the reason for the time off.

29. Plaintiff had a number of absences for medical treatment just prior to being terminated and all were related to medical treatments for skin cancer.

30. Plaintiff was terminated from his employment on June 16, 2017.

31. The reason that Plaintiff was given for his termination, in part, was his excessive absences just prior to his termination.

32. This reason was given to Plaintiff by Mr. Deraps.

33. The absences from employment were also discussed by Defendant's Human Resources manner in an email to Plaintiff's wife about his termination.

34. Defendant had a pattern of docking Plaintiff points on his performance evaluations for absences related to his medical condition.

35. The time Plaintiff took off to attend medical treatment was protected by family medical leave.

36. Plaintiff filed a complaint about this matter with the Maine Human Rights Commission and the Equal Opportunity Employment Commission.

## Count 1

### State Family Medical Leave Act, 26 M.R.S.A. §843, et seq.

37. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

38. Defendant is an employer subject to the Family Medical Leave Act and Plaintiff was at all times an eligible employee.

39. Plaintiff was granted medical leave by Defendant due to his serious health condition.

40. By harassing Plaintiff during his medical leave, requiring him to use his leave, and applying his leave time incorrectly Defendant violated the Maine Family Medical Leave Act.

41. In addition, Defendant used the fact that Plaintiff availed himself of legally protected leave to punish Plaintiff for taking time off, including but not limited to giving Plaintiff lower scores in his employment evaluations.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. Declare Defendant's actions unlawful;

b. Award Plaintiff damages;

c. Award Plaintiff reasonable attorney's fees, costs, and interest;

d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e. Award all allowable penalties, nominal and statutory damages; and

f. Such further relief as the Court deems proper and just.

## Count 2

**Federal Family Medical Leave Act, 29 U.S.C §2611, et seq.**

42. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

43. At all times material to this complaint Plaintiff was and "eligible employee" as defined by 29 U.S.C. §2611(2)(A), and Defendant was an "employer" under the Federal Family Medical Leave Act.

44. Plaintiff was forced to apply for and was granted medical leave due to his serious health condition.

45. By committing the acts described above, including applying Plaintiff's leave time, arguing with him about his ability to use his FMLA time, Defendant unlawfully interfered with Plaintiff's rights in violation of 29 U.S.C. §2615, et al.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. Declare Defendant's actions unlawful;

b. Award Plaintiff damages;

c. Award Plaintiff reasonable attorney's fees, costs, and interest;

d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e. Award all allowable penalties, nominal and statutory damages; and

f. Such further relief as the Court deems proper and just.

## Count 3

### Maine Human Rights Act: Disability Discrimination

46. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

47. Plaintiff was a member of a protected class in that he had a disability.

48. Plaintiff suffered from serious medical conditions including but not limited to cancer.

49. Defendant was on notice about Plaintiff's disability.

50. Plaintiff was able to perform the essential functions of his position.

51. Plaintiff made clear to Defendant that he required reasonable accommodations in his job for his disability.

52. Defendant refused to give Plaintiff a reasonable accommodation.

53. Defendant created a hostile work environment for Plaintiff relating to his disability by giving Plaintiff a hard time about taking legally protected time off for medical treatment, treating him in a negative and disrespectful manner, and giving him lower scores on his employment evaluations.

54. Plaintiff's disability was the motivating factor behind his negative treatment.

55. As a result of the discriminatory treatment, Plaintiff suffered damages.

56. Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.

57. Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.

58. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

    a. Declare Defendant's actions unlawful;

    b. Award Plaintiff damages;

c.  Award Plaintiff reasonable attorney's fees, costs, and interest;

d.  Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e.  Award all allowable penalties, nominal and statutory damages; and

f.  Such further relief as the Court deems proper and just.

## Count 4

### Disability Discrimination - 42 U.S.C. §12112

59. Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

60. The Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of a disability in regard to hiring, advancement, termination and the general conditions and privileges of employment.

61. Plaintiff is a person with a disability within the meaning of ADA due to serious medical conditions including but not limited to a heart conditions, a liver disorder, concussion and a mental health disorder, which affected one or more of her major life activities

62. Defendant is an employer subjected to the ADA.

63. Defendant was on notice about Plaintiff's disability.

64. Defendant did not accommodate Plaintiff's disability.

65. Defendant created a hostile work environment f for Plaintiff relating to his disability by giving Plaintiff a hard time about taking legally protected time off for medical treatment, treating him in a negative and disrespectful manner and giving him lowers

8

scores on his employment evaluations due to his absence to deal with a serious medical condition.

66. Defendant treated Plaintiff differently in the termination from and terms and conditions of his employment on the basis of his disability.

67. As a result of Defendant's violation of the ADA, Plaintiff suffered injury and damages and is entitled to relief.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. Declare Defendant's actions unlawful;

b. Award Plaintiff damages;

c. Award Plaintiff reasonable attorney's fees, costs, and interest;

d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e. Award all allowable penalties, nominal and statutory damages; and

f. Such further relief as the Court deems proper and just.

### JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated at Portland, Maine this 29th day of April, 2019.

By: Nichols & Churchill, PA

Sarah A. Churchill, Esq.

Maine Bar No. 9320
Attorney for Plaintiff

NICHOLS & CHURCHILL, PA
1250 Forest Avenue
Suite 10
Portland, ME 04103
(207)879-4000
schurchill@nicholschurchill.com